IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAWN DEWAYNE MCGRAW, ) | |
| #169 528, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-1086-TMH |
| ) | [WO] |
| CHRISTOPHER PREER, *et al*., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the St Clair Correctional Facility located in Springville, Alabama. In this 42 U.S.C. § 1983 action, he complains about events which occurred on July 30, 2011 during his confinement at the Kilby Correctional Facility located in Mt. Meigs, Alabama. Specifically, Plaintiff alleges that Defendant Christopher Preer subjected him to excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. In addition to Defendant Preer, Plaintiff also names Bernadette Clay and Vincent Nun as defendants. Plaintiff seeks damages from the named defendants.

Upon consideration of the complaint, the court concludes that dismissal of Defendants Clay and Nun prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be

**I. DISCUSSION**

Plaintiff files this 42 U.S.C. § 1983 action alleging a violation of his constitutional rights as a result of Defendant Preer subjecting him to an unnecessary and excessive use of force. Plaintiff further complains that Defendant Clay violated his right to due process by failing to investigate the incident after he informed her about the assault. Plaintiff makes no specific allegation against Defendant Nun. Doc. No. 1.

*A. Defendant Clay*

"It is well-settled that § 1983 does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *See Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985). Here, Plaintiff's claim that Defendant Clay violated his due process rights by failing to investigate his report of an assault by a correctional officer fails to implicate any constitutional right to which he is entitled. The failure to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.").

---

granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Based on the foregoing, the court concludes that the actions about which Plaintiff complains with respect to Defendant Clay do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action. Plaintiff's complaint against Defendant Clay is, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## B. *Defendant Nun*

Plaintiff also brings his complaint against Vincent Nun. Other than naming Officer Nun as a defendant, Plaintiff makes no specific allegations against this individual nor does he indicate that Officer Nun was personally involved in the constitutional violation about which Plaintiff complains. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)* (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Accordingly, the court finds that Defendant Nun is due to be dismissed as a party to the complaint.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Clay be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's complaint against Defendant Nun be DISMISSED without prejudice

prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case with respect to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 27, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of February, 2012.

                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE