IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SHAWN DEWAYNE MCGRAW,       )
#169 528,                                     )
     Plaintiff,                            )
                                                 )
     v.                                           )  CIVIL ACTION NO. 2:11-CV-1086-TMH
                                                 )                    [WO]
CHRISTOPHER PREER,              )
                                                 )
     Defendant.                           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the St. Clair Correctional Facility in Springville, Alabama, filed this complaint on December 20, 2011. On February 20, 2012 the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendant submitted an answer and written report on July 6, 2012 which contained relevant evidentiary materials refuting the allegations presented in the instant complaint. (*See Doc. No. 32*.)

The court then issued an order directing Plaintiff to file a response to Defendant's answer and written report. (*Doc. No. 33*.) Plaintiff was advised that his failure to respond to Defendant's answer and written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." (*Id*.) (emphasis in original). Additionally, Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. (*Id*.) By orders entered July 31, 2012, August 30, 2012, and

September 26, 2012  the court granted Plaintiff's three requests for additional time to file his opposition.  The time allotted Plaintiff for the filing of a response expired on October 10, 2012.  As of the present date, Plaintiff has filed nothing in opposition to Defendant's answer and written report as required by  order filed July 10, 2012 and as extended by the orders entered July 31, 2012, August 30, 2012, and September 26, 2012.  Notwithstanding any difficulties Plaintiff may have encountered in physically accessing  the law library and/or legal materials, four months is more than a sufficient amount of time within which Plaintiff could formulate his opposition to Defendant's written report and file it with the court. Furthermore, Plaintiff was advised by the court on more than one occasion that he was not required to cite to case law or statute in support of his opposition.

In light of the foregoing, the court concludes that this case should be dismissed for Plaintiff's failures to comply with the orders of this court, and his failure to properly prosecute this cause of action.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that **on or before November 7, 2012** the parties may file an objection to the  Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of October 2012.

　　　　　　　　　　　　　　　　/s/   Wallace Capel, Jr.
　　　　　　　　　　　　　　　　WALLACE CAPEL, JR.
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE